JOSHUA BENNETT *vs.* WILLIAM H. CLEMENCE & another.

An action must be finally disposed of in the superior court, by verdict or judgment, before any questions raised in it, by appeal or exceptions, can be transferred to this court.

CHAPMAN, J. The plaintiff having demurred to the defendants' answer, the superior court has adjudged that the demurrer be sustained as to part of the answer, and overruled as to the residue. No further proceeding has been had, either by way of motion to amend, rendition of final judgment, or trial and verdict upon the facts, so that the judgment of the court is merely interlocutory, and the case remains unfinished. The plaintiff appeals from this interlocutory decision, and contends that he has a right to do so, in order that he may obtain the opinion of this court upon the questions raised by the demurrer, before proceeding to try the case upon its merits in the superior court.

It has been repeatedly held by this court that questions of law arising in cases pending in that court cannot be brought here, until the case is finally disposed of there, either by judgment or verdict, and several cases have been sent back on that ground. *Case* v. *Ladd,* 2 Allen, 130. But the question has been thoroughly argued in this case, and has been considered again by the court.

The provisions of the General Statutes are not very explicit on this subject. By *c.* 114, § 10, " A party aggrieved by a judgment founded upon matter of law apparent on the record, in any proceeding, civil or criminal, except judgment upon matters or pleas in abatement, or motion to dismiss for defect of form of process,

may appeal therefrom to the supreme judicial court." By *c.* 115, § 7, " Decisions of a justice of either court upon pleas in abatement, or on motions to dismiss for defect of form in process, shall be final on the question raised." This is the reason why they are excepted in the section first cited.

A judgment overruling or sustaining a demurrer is a judgment founded upon matter of law appearing on the record And in *Parker* v. *Framingham*, 8 Met. 264, Shaw, C. J. says, a bill of exceptions, when duly tendered and allowed, becomes part of the record, of which the purpose is to place matter upon the record which would not otherwise appear there; with a view either to a writ of error, or to the more summary mode of revision provided by statute.

The Gen. Sts. *c.* 115, § 7, prescribe with much particularity the mode and time of preparing and filing exceptions and procuring their allowance by the presiding judge. It also provides a mode of proving them when he refuses to allow them. But no directions are given as to the time and manner of taking an appeal. The appeal, as well as the exceptions, applies only to the questions raised; and while the question or questions to be determined are transferred to this court, the case still remains in the superior court. *c.* 115, § 12. This section also provides that " copies and papers relating to a question of law arising in either court upon appeal, by bill of exception, reserved case, or otherwise, shall within twenty days from the adjournment of the court for that term without day, be transmitted to and entered in the law docket of the supreme judicial court for the proper county." This provision implies that the case is to be finished in the superior court before the questions are transferred to this court; for no provision is made that the trial shall be suspended and the case continued there, until the interlocutory question can be argued and determined here. And it is quite obvious that if such a provision existed, it would enable a party who desired it to create unreasonable delays in the trial of causes.

It is suggested that unless an immediate appeal lies, the party against whom the interlocutory decision is made has no rem edy. But the suggestion is not well founded; for the judgment

is apparent upon the record, and as there is no such limitation of time for the appeal, as is provided in respect to exceptions, the appeal can be taken and the case transferred, after it is finally disposed of in the manner prescribed in § 12. If there are exceptions, the appeal will come up with them. If there are none, it can be brought up by itself. The course of proceedings will thus be plain and simple. But if questions may be brought up while the case is pending in the superior court, the progress of the cause there may render them wholly immaterial, and it might be that the trial would be in progress there while the questions were under discussion here. If in the present case the parties shall proceed to trial in the superior court, the verdict may render this appeal wholly immaterial; and an opinion of the court on the question which has been transferred may prove to be an opinion on a speculative question that has no practical importance. It is against the policy of the law that such questions should be determined or litigated.

*Appeal dismissed.*

*T. Wentworth,* for the plaintiff.

*W. P. Webster,* (*A. R. Brown* with him,) for the defendants.